UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

SIJNE NORMAN,

        Plaintiff,

v.                                    No. 1:16-CV-1277

GEICO,

        Defendant.

## NOTICE OF REMOVAL

Defendant GEICO General Insurance Company, improperly named in the Complaint as "GEICO", by and through its counsel, Simone, Roberts & Weiss, P.A. (Stephen M. Simone), and Allen, Shepherd, Lewis & Syra, P.A. (Daniel W. Lewis and Brant L. Lillywhite), hereby files this Notice of Removal and removes this case pursuant to 28 U.S.C. § 1441, and in support thereof, states as follows:

1. By and through this Notice of Removal, Defendant GEICO General Insurance Company ("GEICO") removes all claims asserted by Sijne Norman ("Plaintiff") against Defendant GEICO on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

2. Plaintiff filed her "Complaint for Personal Injuries, Money Damages, Bad Faith; Breach of Contract; Violations of the New Mexico Unfair Claims Practices and Unfair Trade Practices Acts" on October 11, 2016 in the Second Judicial District, County of Bernalillo State of New Mexico, Cause No. D-202-CV-2016-06343.

3. Plaintiff served the Complaint and summons on Defendant GEICO through the New Mexico Office of Superintendent of Insurance on October 20, 2016.  This removal is therefore timely. *See* 28 U.S.C. § 1441(b)(1).

4. A copy of the Complaint is attached hereto as "Exhibit A".

5. A copy of all other process, pleadings and orders served on Defendant in the state lawsuit are attached hereto as "Exhibit B". *See* 28 U.S.C. § 1446(a).

6. A copy of the docket sheet from the state lawsuit is attached hereto as "Exhibit C".

7. This Court has jurisdiction over all claims in this case pursuant to 28 U.S.C. §§ 1332 & 1441(a).

8. Venue is proper in this Court since Plaintiff's claims relate to an insurance policy issued in New Mexico and insurance claims initiated in New Mexico and since the state lawsuit was filed in New Mexico and removed from a New Mexico state court. *See* 28 U.S.C. §§ 1391, 1441(a) & 1446(a).

9. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be filed in the state court and served upon the Plaintiff promptly after removal.

10. Defendant GEICO is filing a Notice of Filing Notice of Removal, a copy of which is attached (without its exhibits) to this Notice as "Exhibit D," with the Clerk of the Second Judicial District, County of Bernalillo, State of New Mexico, pursuant to 28 U.S.C. § 1446(d), together with this Notice.

11. Pursuant to D.N.M.LR-CIV. 81.1(a), Defendant GEICO will submit copies of the records and proceedings from the state court action within twenty-eight days of filing this Notice of Removal.

**Diversity of Citizenship**

12. According to her Complaint and upon other information and belief, Plaintiff is a resident of New Mexico.

13. Defendant GEICO is a Maryland corporation with its principal place of business in Maryland.

14. Defendant GEICO is not a resident of New Mexico. *See* 28 U.S.C. § 1446(b)(2).

15. Since Defendant is not a resident of the same state as Plaintiff, complete diversity of citizenship exists for this case. *See* 28 U.S.C. 1332(a)(1).

### Amount in Controversy

16. The amount in controversy exceeds $75,000.

17. Although GEICO denies that Plaintiff is entitled to any damages, the amount in controversy requirement is satisfied by the amount that Plaintiff seeks.

18. New Mexico practice does not permit a demand for a specific sum in a complaint, *see* NMRA 1-008(A)(3), and Plaintiff's Complaint does not assert a specific total sum. *See* U.S.C. § 1446(c)(2)(A)(ii).

19. Plaintiff has demanded the policy limits for uninsured/underinsured motorist ("UM/UIM") benefits. The stated UM/UIM limits are $50,000, and the limits available, if Plaintiff qualifies as an insured under that policy, have been reduced to $25,000 due to an offset based on Plaintiff's settlement with the underinsured motorist.

20. Plaintiff's Complaint also requests interests on the sums allegedly owed under the policy as damages. (*See* Ex. A, at ¶ 50.)

21. Plaintiff alleges that Defendant GEICO violated the Unfair Practices Act, *see* NMSA 57-12-1 *et seq.*, and that Defendant GEICO's conduct was willful. (*See* Ex. A, at ¶¶ 27-33 & 40-50 (UPA claim); *see id.* ¶ 48 (willful allegation); *see also id.* ¶ 26 (willful allegation).)

22. The prayer for relief requests treble damages. (*See* Ex. A, at 8.)

23. The Unfair Practices Act permits the recovery of treble damages for willful violations of the Unfair Practices Act. *See* NMSA § 57-12-10(B).

24. The Complaint alleges punitive damages should be awarded against GEICO. (*See* Ex. A, at ¶¶ 26 & 48; *id*. at 8 (prayer for relief).)

25. Although no specific amount or multiplier is alleged by the Complaint, Plaintiff would likely request a multiplier of one to two times the alleged compensatory damages.

26. Plaintiff's Complaint seeks attorney's fees. (*See* Ex. A, at ¶¶ 49-50; *id*. at 8 (prayer for relief).)

27. New Mexico law permits the recovery of reasonable attorney's fees in first party lawsuits against insurance companies if the insured prevails and the court finds "that the insurer acted unreasonably in failing to pay the claim." See NMSA § 39-2-1.

28. The Unfair Practices Act also provides for attorney's fees for a plaintiff who prevails on an Unfair Practices Act claim. *See* NMSA § 57-12-10(C).

29. The Unfair Claims Practices Act permits an award of attorney's fees if a plaintiff prevails on an Unfair Claims Practices Act claim. *See* NMSA § 59A-16-30.

30. If Plaintiff prevailed on her claims after litigating them through trial, she would likely claim $50,000 to $60,000 in attorney's fees based on the type of case, the nature of her alleged injuries and the allegations against GEICO.

WHEREFORE, the removing Defendant, GEICO, gives notice that the above-styled action, which was pending in the Second Judicial District, County of Bernalillo, State of New Mexico, as Cause No. D-202-CV-2016-06343 is hereby removed to this Court.

Electronically Filed,

SIMONE, ROBERTS & WEISS, P.A.

By:    Approved Electronically 11/21/16
       Stephen M. Simone, Esq.
       1700 Louisiana Blvd. N.E., Suite 240
       Albuquerque, NM 87110
       505-298-9400
       ssimone@srw-law.com
       *Counsel for GEICO for the UM/UIM Claim*

ALLEN, SHEPHERD, LEWIS & SYRA, P.A.

By:    /s/ *Brant L. Lillywhite*
       Daniel W. Lewis
       Brant L. Lillywhite, Of Counsel
       4801 Lang Ave NE, Suite 200
       PO Box 94750
       Albuquerque, NM 87199-4750
       505-341-0110
       dlewis@allenlawnm.com
       blillywhite@allenlawnm.com
       *Counsel for GEICO for the Extracontractual Claims*

I HEREBY CERTIFY that on the 21st day of November, 2016, I served the foregoing by email upon the following counsel:

       david@houlistonlaw.com
       David M. Houliston, Esq.
       Law Offices of David M. Houliston
       500 Tijeras NW
       Albuquerque, NM 87102

/s/ *Brant L. Lillywhite*
Brant L. Lillywhite