FILED IN MY OFFICE
DISTRICT COURT CLERK
10/11/2016 4:42:45 PM
James A. Noel
Lourdes Perez

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

SIJNE NORMAN,

   Plaintiff,

v.

GEICO,

   Defendant.

D-202-CV-2016-06343

## COMPLAINT FOR PERSONAL INJURIES, MONEY DAMAGES, BAD FAITH; BREACH OF CONTRACT; VIOLATIONS OF THE NEW MEXICO UNFAIR CLAIMS PRACTICES AND UNFAIR TRADE PRACTICES ACTS

COMES NOW, Plaintiff, by and through her attorneys of record, the LAW OFFICES OF DAVID M. HOULISTON (David M. Houliston), and for her Complaint, states as follows:

1. Plaintiff, Sijne Norman (Norman) is a resident of Albuquerque, Bernalillo County, New Mexico, is over the age of 18 years, and is otherwise *sui juris*.

2. Defendant, GEICO, is a foreign, for-profit corporation doing business throughout the State of New Mexico. State Farm's statutory agent for service of process is the Superintendent of Insurance for State of New Mexico, 1120 Paseo de Peralta, Santa Fe, New Mexico 87501.

3. Jurisdiction and venue are proper in the District Court of Bernalillo County, New Mexico, pursuant to N.M.S.A. § 38-3-1(A),(F), 1978 (Repl. 1998).


EXHIBIT A

## GENERAL ALLEGATIONS

4. Plaintiff was an insured under an automobile liability insurance coverage with GEICO policy number 4336891413, with said policy in force and effect at all times material hereto, and specifically including October 20, 2014.

5. On October 20, 2014, Plaintiff was injured when she was struck while crossing an intersection by Naomi Misquez in Albuquerque, New Mexico.

6. Naomi Misquez failure to stop and keep a proper lookout, including but not limited to, were causes of the accident.

7. Naomi Misquez had automobile liability coverage with Progressive in the amount of $25,000.

8. Progressive tendered policy limits on behalf of Naomi Misquez in February 2016 and Plaintiff Dismissed her suit against Naomi Misquez on February 15, 2016.

9. On the date of the accident, October 14, 2014, Plaintiff was insured with GEICO, carrying bodily injury liability coverage in the amount of $50,000.00/$100,000.00 and Uninsured/Underinsured Motorist coverage limits in the amount of $25,000/$50,000 for two vehicles for a total of $50,000/100,000 in Uninsured/Underinsured Motorist coverage limits.

10. Plaintiff suffered significant personal injuries from the crash extending beyond the limits of the Progressive's name liability policy.

11. Under the terms of the subject GEICO, GEICO is liable to pay Plaintiff's damages, which Plaintiff is legally entitled to recover from GEICO, because Plaintiff sustained bodily injuries caused as a result of the negligence of Naomi Misquez.

12. Plaintiff made a timely Uninsured Motorist Claim with Defendant GEICO to recover damages suffered in the subject crash.

13.     Plaintiff contacted Defendant GEICO by fax on February 5, 2016 through her attorney Law Offices of David M. Houliston notifying Defendant GEICO of representation, and seeking policy information. Plaintiff received no response.

14.     Plaintiff again contacted Defendant GEICO by fax on June 8, 2016 requesting policy information and initiation of an Uninsured/Underinsured Motorist Claim. Plaintiff received no response.

15.     Plaintiff sent a Demand Package to Defendant GEICO via certified return receipt mail on August 11, 2016. The return receipt was received signed by defendant GEICO on August 15, 2016, but Defendant has not responded in any way.

16.     Despite making timely and reasonable requests, Defendant GEICO failed and refused to honor Plaintiff's claims.

## COUNT I
## BREACH OF CONTRACT AND FIDUCIARY DUTIES UNDER CONTRACT

17.     Plaintiff re-alleges all previous paragraphs of this Complaint and incorporates the same as though set forth fully herein.

18.     When Plaintiff purchased insurance from GEICO, she relied upon and placed her trust in GEICO to act in good faith and in a reasonable manner to sell Plaintiff the appropriate insurance so that in the event Plaintiff should ever need to make a claim against her policy that her losses would be paid promptly and fairly.

19.     GEICO, and its employees and agents, entered into a fiduciary relationship with Plaintiff. GEICO had and has a duty to use the skill, care and knowledge of their claims representatives and underwriters in evaluating and investigating claims made by its insureds in a prompt and thorough manner.

20. The insurance policy requires Defendant to honor its obligations under the subject policy.

21. Defendant either intentionally or, in the alternative, negligently, breached the insurance policy contractual provisions by failing to honor Plaintiff's requests for Underinsured Motorist Coverage at limits equal to the bodily injury liability coverages in the same policy, and in failing to pay claims under the policy. As a direct result, the Plaintiff has suffered damages and will suffer damages in the future in an amount not presently determinable but to be proven at the time of trial.

## COUNT II
## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

22. Plaintiff re-alleges all previous paragraphs of this Complaint and incorporates the same as though set forth fully herein.

23. Implicit in the contract of insurance between the Plaintiff and Defendant was the covenant that Defendant would, at all times, act in good faith and deal honestly and fairly with the Plaintiff entitled to compensation for damages under her policy.

24. Defendant breached the implied covenant of good faith and fair dealing, in one or more of the following ways, including but not limited to:

   a. Failing and refusing to acknowledge that the subject occurrence triggers the subject insurance policy;

   b. Failing and refusing to disclose, admit and acknowledge coverage in this matter;

   c. Failing and refusing to promptly and fairly investigate, process, determine and decide Plaintiff's claims under the policy referenced above;

   d. Failing and refusing to cover its insured, the Plaintiff, under the underinsured motorist portion of the policy referenced above; and

   e. Failing and refusing to mediate, resolve, and settle the Plaintiff's underinsured motorist claims.

25.   As a direct and proximate result Defendant's acts and omissions alleged herein, the Plaintiff has suffered damages in an amount to be proven at trial.

26.   Defendant's acts and omissions alleged herein and breach in the implied covenant of good faith and fair dealings were done intentionally, willfully, wantonly, grossly, maliciously and/or with reckless disregard for the rights of the Plaintiff. Accordingly, the Plaintiff is entitled to recover punitive damages in an amount to be determined by the jury and sufficient to punish the Defendant for its misconduct and to deter others from similar conduct in the future.

## COUNT III
## VIOLATIONS OF THE NEW MEXICO UNFAIR CLAIMS AND TRADE PRACTICES ACTS

27.   Plaintiff re-alleges all previous paragraphs of this Complaint and incorporates the same as though set forth fully herein.

28.   Plaintiff was insured under the policy issued by the Defendant.

29.   Defendant owed Plaintiff the duties of good faith, fair dealing, and the accompanying fiduciary obligations.

30.   In the sale and provision of insurance, and in the handling of the underinsured motorist claim, Defendant failed to exercise good faith, unreasonably delayed payment, and failed to give the interests of its insured (the Plaintiff) the same consideration it gave its own interests.

31.   Defendant's failure to pay anything on Plaintiff's Underinsured Motorist Claims was unfounded, unreasonable, and in bad faith.

32.   Defendant misrepresented the terms of the policy sold and provided to Plaintiff, and/or failed to disclose material facts reasonably necessary to prevent other statements from

being misleading; failed to implement and follow reasonable standards in the sale and provision of insurance; and failed to follow Defendant's own customary practices and procedures.

33. Defendant's acts and failures to act were in reckless disregard of Plaintiff's rights under the subject policy.

34. Defendant failed to abide by its statutory duties under the New Mexico Unfair Claim Practices Act, NMSA §59A-16-1, *et seq*, and such violations are negligence *per se*.

35. Defendant failed to acknowledge and act reasonably and promptly upon communications with respect to claims from its insured arising under the policy, in violation of NMSA § 59A-16-20(B).

36. Defendant failed to adopt and implement reasonable standards for the prompt investigation and processing if its insured's claims arising under the policy, in violation of NMSA § 59A-16-20(C).

37. Defendant failed to properly affirm and pay the coverage for claims of its insured within a reasonable period of time after proof of loss requirements under the policy was completed and submitted by Plaintiff, in violation of NMSA § 59A-16-20(D).

38. Defendant did not attempt in good faith to effectuate prompt, fair and equitable settlement of Plaintiff's claims in which liability has become reasonably clear, in violation of NMSA § 59A-16-20(E).

39. Defendant compelled Plaintiff to institute litigation to recover amounts due under the policies by offering substantially less (i.e. nothing) than the amounts claimed by Plaintiff and that will ultimately be recovered in actions brought by Plaintiff, in violation of NMSA § 59A-16-20(G).

40. Defendant failed to abide by its statutory duties under the New Mexico Unfair Trade Practices Act, NMSA § 57-12-3. Such violations are negligence per se.

41. Defendant committed unfair trade practices in the sale and provision of insurance to Plaintiff by representing that the insurance had benefits or qualities that it did not have; in violation NMSA § 57-12-2(D)(5) and 57-12-3.

42. Defendant represented the subject insurance was of a particular standard or quality, when it was not, in violation NMSA §§ 57-12-2(D)(6) and 57-12-3.

43. Defendant used ambiguity and failed to state material facts, which tended to deceive Plaintiff, in violation NMSA §§ 57-12-2(D)(14) and 57-12-3.

44. Defendant stated that the insurance purchase transaction involved rights, remedies, and obligations that they now say it did not have, in violation NMSA §§ 57-12-2(D)(15) and 57-12-3.

45. Defendant failed to deliver the quality or quantity of insurance coverage contracted for, in violation NMSA §§ 57-12-2(D)(17) and 57-12-3.

46. Defendant conducted unconscionable trade practices in the connection with the sale and servicing of insurance products, to Plaintiff's detriment, by taking advantage of Plaintiff's lack of knowledge and experience to a grossly unfair degree, in violation NMSA §§ 57-12-2(E)(1) and 57-12-3.

47. Defendant's failure to act in good faith and Defendant's violations of the Insurance Code and Trade Practices Act are proximate causes of damages sustained by Plaintiff.

48. Defendant's conduct was in bad faith, malicious, willful, wanton, fraudulent and/or in reckless disregard of Plaintiff's rights.

49. Plaintiff is entitled to attorneys' fees and costs pursuant to NMSA §57-12-10, §59A-16-30 and §39-2-1.

50. As a direct and proximate result of Defendant's acts and omissions, Plaintiff has sustained damages, in addition to the damages common to all counts of this Complaint, including

but not limited to the actual damages incurred, the cost of prosecution of this lawsuit, attorneys' fees, and interest on the sums owed under the policy. These injuries and damages are ongoing, permanent, and are expected to continue in the future. Plaintiff has been forced to retain the services of attorneys to enforce her rights herein, and as such, pursuant to NMSA §57-12-10 and §39-2-1, he is entitled to an award of attorney's fees and costs associated therewith.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Court for judgment against the Defendant for all compensatory damages; punitive damages; treble damages as allowed under New Mexico law; pre- and post-judgment interest; attorney fees and costs; and all other relief that the Court deems just and proper.

Respectfully submitted:

LAW OFFICES OF DAVID M. HOULISTON

/s/*David M. Houliston*
DAVID M. HOULISTON
*Attorney for Plaintiff*
500 Tijeras NW
Albuquerque, NM 87102
Phone: (505) 247-1223
Fax: (505) 214-5204